# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0672, <u>Christopher Brault & a. v. Walter Fredette</u>, the court on July 3, 2018, issued the following order:**

The respondent's motion to strike the petitioners' brief is granted in part and denied in part. To the extent that the respondent seeks to strike all references in the petitioners' brief to issues raised in Case No. 2017-0695, <u>Christopher Brault & a. v. Walter Fredette & a.</u>, the motion is granted. Otherwise, it is denied.

Having considered the briefs, the memorandum of law, and the portions of the record properly provided on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm. In light of this decision, the petitioners' motion to use in this case the appendix from Case No. 2017-0694, <u>Walter Fredette v. Christopher Brault & a.</u>, a discretionary appeal that was declined on March 13, 2018, is moot.

The petitioners, Christopher Brault and Candace Brault (tenants), appeal an order of the Circuit Court (<u>Crocker</u>, J.) in favor of the respondent, Walter Fredette (landlord), on their petition under RSA 540-A:4 (Supp. 2017). We construe their brief to argue that the trial court erred by finding that they failed to establish that the alleged "mold-like smell" in the rental property "had adversely affected their health" and by not finding that the landlord had violated: (1) their right to quiet enjoyment, <u>see</u> RSA 540-A:2 (2007); (2) RSA 540-A:3 (Supp. 2017) (prohibiting certain acts in landlord/tenant matters); (3) the warranty of habitability; (4) RSA chapter 48-A (2012 & Supp. 2017) (pertaining to municipal enforcement of housing standards); (5) RSA chapter 147 (2005 & Supp. 2017) (pertaining to municipal health regulations); or (6) RSA chapter 155-B (2014) (pertaining to hazardous or dilapidated buildings).

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). The tenants, as the appealing parties, have the burden on appeal to provide a record that is sufficient to decide the issues they are raising and to demonstrate that they raised those issues in the trial court. <u>Id.</u>; <u>see</u> <u>Sup. Ct. R.</u> 13(3), 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling). Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court, <u>Bean</u>, 151 N.H. at 250, and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396,

397 (1997).  These rules are not relaxed for self-represented parties.  See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56-57 (2006).

In this case, the tenants have failed to provide a transcript of the hearing before the trial court.  Accordingly, we assume that the evidence was sufficient to support the trial court's determination.  Bean, 151 N.H. at 250.  We review the trial court's order for errors of law only, see Atwood, 142 N.H. at 397, and find none.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**